[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-2250

WILLIAM L. BURRELL, JR.,

Plaintiff, Appellant,

v.

BOARD OF TRUSTEES FOR THE UNIVERSITY OF MAINE SYSTEM, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. David M. Cohen, U.S. Magistrate Judge]

Before

Torruella, Circuit Judge,
Bownes and Stahl, Senior Circuit Judges.

William L. Burrell, Jr. on brief pro se.
Patricia A. Peard, Joan M. Fortin, and Bernstein, Shur, Sawyer & Nelson on brief for appellees Board of Trustees for the University of Maine, Carl Hill, Judy Ryan, Craig Hutchinson, Helen Gorgas, Aaron Haynes, Heather Monroe, Amy Fairfield, Richard L. Pattenaude, Terrence MacTaggert, James Stanhope, Jolene Chonko, Tim Rich, Mike Mullett and Mike Gauthier.
Philip M. Coffin, III, Teresa M. Cloutier, and Lambert, Coffin, Rudman & Hochman on brief for appellees Jean Kaestner and Elizabeth Finlayson.

JULY 10, 2001

**Per Curiam**.   After a thorough review of the record
and of the parties' submissions, we affirm.  We see no error
in the lower court's refusal to consider the prior versions
of the complaint (a decision essentially denying the motions
to amend), given the daunting task the court and the parties
faced in reviewing the voluminous submissions, Acosta-Mestre
v. Hilton Int'l of Puerto Rico, Inc., 156 F.3d 49, 52 (1st
Cir. 1998); and the court did not err in refusing to allow
oral argument on the motion to dismiss.  Domegan v. Fair,
859 F.2d 1059, 1065 (1st Cir. 1988).  We disagree that the
court misapplied the requirements of Fed. R. Civ. P. 8 or
that it imposed a "heightened pleading standard."

Appellant William L. Burrell Jr. ("Burrell") has
forfeited any substantive arguments in support of his claims
because he failed to address them in his appellate
submissions.  United States v. Fernandez, 145 F.3d 59, 63
(1st Cir. 1998) (issues not fully addressed in appellate
submissions are deemed forfeited).  Still, the court has
reviewed Burrell's substantive claims and, after reviewing
the entire record in this matter, we agree that his federal

claims were subject to dismissal.  His due process claim fails because he failed to allege facts sufficient to show a property interest in his job.  Krennerich v. Inhabitants of Town of Bristol, 943 F. Supp. 1345, 1352 (D. Me. 1996) (citations omitted) (in Maine, a public employee has no property interest sufficient to invoke the Fourteenth Amendment's due process guarantees unless the applicable statute or employment contract provides that employment may be terminated only on a showing of 'cause.').  Even if Burrell's contract of employment had provided him a property interest in his job, Burrell received all the due process required by the Constitution.  Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 5-6 (1st Cir. 2000) (Due Process Clause requires that individuals with a property interest in their employment receive notice and a meaningful opportunity to respond prior to termination).  There is no authority for Burrell's suggestion that any post-termination review should include the right to cross-examine witnesses or the right to a hearing within a certain amount of time.  Finally, even if Burrell had been denied due process prior to the decision to terminate him, Burrell failed to pursue state remedies that were available to him.  Herwins v. City of Revere, 163 F.3d 15, 20 (1st Cir. 1998) (where state provides post-termination

remedy, one who fails to take advantage of that remedy is barred from pursuing a federal due process claim).

Burrell's first amendment claim fails because the Constitution does not protect the speech of public employees regarding internal office matters. Connick v. Myers, 461 U.S. 138, 147 (1983). Though Burrell contends his termination was due to complaints about alleged racial discrimination -- speech which inherently addresses a matter of public concern, id. at 148 n. 8 -- we have reviewed in detail Burrell's factual allegations, and we see no allegation that he complained regarding racial discrimination *prior to* his termination. The remainder of his federal claims are without merit, for the reasons stated in the magistrate judge's Report and Recommendation; and the court did not err in refusing to exercise supplemental jurisdiction over the state law claims. Pejepscot Indus. Park, Inc. v. Maine Ctrl. R.R. Co., 215 F.3d 195, 200 (1st Cir. 2000).

"Perhaps the government employer's dismissal of the worker may not be fair, but ordinary dismissals from government service which violate no fixed tenure or applicable statute or regulation are not subject to judicial review even if the reasons for the dismissal are alleged to be mistaken or unreasonable." Connick, 461 U.S. at 146.

-4-

<u>Affirmed.</u>  1st Cir. Loc. R. 27(c).